

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Defendant
Stanley Lorin Pace

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FACEBOOK, INC.,** a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>**CYBER2MEDIA, INC,** *et al.*<br><br>            Defendants. | Case No. 4:11-cv-03619-PJH<br><br>**DEFENDANT STANLEY LORIN PACE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      February 1, 2012<br>Time:     9:00 a.m.<br>Ctrm:     3, 3rd Floor<br>Judge:   The Hon. Phyllis J. Hamilton |

Case No. 4:11-cv-03619-PJH          **DEFENDANT PACE'S MTN TO DISMISS FAC; MPA**



1  TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that on February 1, 2012 at 9:00 a.m., or at another date
3  and time set by the Court, before the Honorable Phyllis J. Hamilton, United States District
4  Judge, at 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, California 94612, Defendant
5  Stanley Lorin Pace ("Pace") will move, and does hereby respectfully move, this Court for
6  an order dismissing Pace from this action.

7      The Court should grant the motion pursuant to Federal Rule of Civil Procedure
8  12(b)(6) because Plaintiff Facebook, Inc. ("Facebook"), in its First Amended Complaint,
9  has failed to state a single valid claim for relief against Pace.

10      This motion is based upon this Notice, the memorandum of points and authorities
11  in support of this motion, and any other evidence that may be adduced at hearing.

13  Respectfully submitted,

14  DATED:  December 27, 2011        KRONENBERGER ROSENFELD, LLP

16          By:   s/Virginia Sanderson
17             Virginia Sanderson

18          Attorneys for Defendant
          Stanley Lorin Pace

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Stanley Lorin Pace ("Pace") is only mentioned in two locations in Facebook Inc. ("Facebook")'s 128-page First Amended Complaint (the "FAC"): first, in the caption, and second, on page 12 of Exhibit A.  Pace is never mentioned in the body of the FAC.  Despite the liberality accorded to pleading by Federal Rule of Civil Procedure 8(a), it goes without saying that a complaint that does not even reference a defendant does not constitute "a short and plain statement of the claim showing that the pleader is entitled to relief" against that defendant.  Fed. R. Civ. P. 8(a)(2).

Throughout the FAC, Facebook refers to a collective group of "Defendants," which Facebook contends includes a group called "Additional Named Defendants," which, in turn, Facebook contends includes all persons named in Exhibit A to the FAC, which, in turn, includes Pace.  Thus, Facebook places the burden on Pace and the Court to figure out what allegations are made against Pace.  In addition, Facebook's allegations against Defendants are uniformly conclusory, which the Court must disregard on this motion.

The Court should not tolerate Facebook's *Mad Libs* approach to pleading. Facebook chose to initiate litigation against a multitude of defendants.  As a result, Facebook is required to plead—and eventually prove—*each* element of *each* of its claims against *each* Defendant.  Once Facebook's conclusory allegations are discarded, it is clear Facebook has failed to state a single actionable claim against Pace. Because Facebook has already failed to correct this problem on amendment, further leave to amend should be denied.

**II.  BACKGROUND**

Facebook filed its original complaint on July 22, 2011, asserting six causes of actions against a multitude of defendants.  [D.E. 1.]  Facebook's cybersquatting, trademark infringement, false designation of origin, and trademark dilution claims are all based on the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c)–(d).  (*Id.*)  Facebook also

asserts state law claims for breach of contract and tortious interference with prospective economic advantage. All claims are asserted against all defendants. (*Id.*)

On November 24, 2011, Defendants Cyber2Media, Inc. and Daniel Negari ("Negari") filed a motion to dismiss the complaint, arguing that the complaint failed to state a claim against those defendants because Facebook did not provide any specific allegations against Cyber2Media or Negari. [D.E. 32.] On December 5, 2011, by stipulation between Facebook, Cyber2Media, and Negari, the motion to dismiss was withdrawn to permit Facebook to amend the complaint. [D.E. 35.] The FAC was filed on December 12, 2011. [D.E. 36.] Facebook added allegations to the FAC specific to Cyber2Media and Negari. (First Amended Complaint [D.E. 36] ["FAC"] ¶¶ 37–60.) Facebook failed, however, to add (1) allegations specific to Pace or most other Defendants, or (2) any non-conclusory allegations to support its individual causes of action.

## III. ARGUMENT

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Although the federal pleading rules are notoriously liberal (Fed. R. Civ. P. 8(a)), a claimant must still allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In ruling on a motion to dismiss, the court must assume that Facebook's allegations are true and must draw all reasonable inferences in Facebook's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). The Court must then determine whether the complaint alleges a plausible claim to relief. See *Iqbal*, *supra*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common

sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Although the Court must assume the truth of the allegations in the Complaint, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008). This is especially applicable to conclusory allegations "which are contradicted by documents referred to in the complaint." *Old Oakland P'ship I v. Lukens*, 188 F.3d 514 (9th Cir. 1999) and *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1077 (C.D. Cal. 2009), both citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). For example, where a claimant appends a contract to a complaint, the terms of which contradict the allegations, the allegations are not accepted as true. *Dollar Tree Stores Inc. v. Toyama Partners*, No. C 10-325 SI, 2010 WL 4973761 (N.D. Cal. Dec. 1, 2010).

**B. Facebook fails to state facts sufficient to constitute a single valid claim against Pace.**

The FAC is an exercise in conclusory allegations. Although the FAC names 43 defendants and adds 45 Doe defendants, it only includes specific allegations against a handful of them, *not* including Pace. Instead, the FAC includes a "Definitions" section, wherein the word "Defendants" is defined as "all of the individuals or corporations described in subsections III.B to III.D, including Cyber2Media, Inc., Daniel Negari, Banana Ads LLC, Michael Navarini, the Additional Named Defendants, and the Doe Defendants." (FAC ¶ 9.) The "Additional Named Defendants" are later identified in Paragraph 15:

> Each Defendant identified in Exhibit A registered, owns, or operates corresponding Internet domain names that are also identified in Exhibit A and are incorporated into this First Amended Complaint as if each Defendant, address, and corresponding domain name was listed in a separate subparagraph. Facebook refers to the individuals or corporations identified in Exhibit A as the "Additional Named Defendants."

Pace is listed in Paragraph 37 in Exhibit A to the FAC. Thus, one must pass through two levels of collectivization to reach Pace's alleged relation to the dispute at hand. Facebook therefore asks the Court to input Pace's name anywhere it reads "Defendants" in the FAC, even though the term "Defendants" is used repeatedly with respect to domain names that Facebook admits were not owned or used by Pace. (*Compare* FAC ¶¶ 87–113 [ascribing use of the domain names facebooki.com, faceboook.com, and facebobk.com to all Defendants] *with id.* Ex. A ¶ 37 [ascribing only facebookbook.com and facebock.com to Pace].)

Even disregarding the improper collective use of "Defendants," the allegations in the Complaint are entirely conclusory in nature, such as "Defendants engage in their typosquatter schemes for commercial gain" [FAC ¶ 130]. In other instances, it seems Facebook is unsure as to what it is even alleging and is hedging its bets, for example, "On information and belief, Defendants have induced and encouraged others to engage in the same conduct or substantially similar conduct and, in addition or in the alternative, have provided services or consideration to others with knowledge or reason to know that they were engaged in such conduct" [*id.* ¶ 22]. The Court must disregard such allegations because they are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, *supra*, 536 F.3d at 1055. Once the Court has done so, it is clear Facebook has not stated a single valid claim for relief against Pace.

**1. Facebook has not stated a valid claim for relief against Pace under the Lanham Act.**

Counts one through four of the FAC allege violations of the Lanham Act by Defendants. As with all of Facebook's claims, Facebook makes no allegations specific to Pace with regard to the Lanham Act claims, and instead relies on conclusory allegations regarding all Defendants. (FAC ¶¶ 120–177.) While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 12 S.Ct. at 1964-65. Facebook must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 1974. Once these conclusory allegations are discounted, there is nothing left to support a Lanham Act Claim against Pace. 15 U.S.C. §§ 1114, 1125(a), (c)–(d).

Even when the conclusory allegations are considered, Facebook's Lanham Act claims fail across the board for their exclusive reference to actions by all Defendants. In *Fortaleza v. PNC Fin. Services Group, Inc.*, 642 F. Supp. 2d 1012 (N.D. Cal. 2009), this Court dismissed a complaint that, like the FAC, made sweeping, non-specific allegations against a collection of defendants. As noted in that decision:

> [P]laintiff does not allege any specific claim against any specific defendant. Rather, plaintiff generally alleges all claims against "all defendants," without identifying which defendant is responsible for her alleged injuries. This is an impermissible attempt to sweep multiple defendants into the lawsuit without making specific allegations as to any….

*Id.* at 1019–20. This holds especially true where, as here, the claims at issue include allegations of fraud. Each of Facebook's Lanham Act claims alleges misleading or fraudulent conduct on the part of Defendants:

> 131. On information and belief, Defendants have provided material and misleading contact information when registering their typosquatter domain names, failed to maintain accurate contact information, and engaged in a pattern of such conduct. (From first cause of action.)
>
> ….
>
> 149. Defendants' conduct is deliberate, willful, fraudulent, and without any extenuating circumstances, and is an exceptional case within the meaning of 15 U.S.C. § 1117. (From second cause of action.)
>
> ….
>
> 163. Defendants' conduct is deliberate, willful, fraudulent, and without any extenuating circumstances, and is an exceptional case within the meaning of 15 U.S.C. § 1117. (From third cause of action.)

….

176. Defendants' conduct is deliberate, willful, fraudulent, and without any extenuating circumstances, and is an exceptional case within the meaning of 15 U.S.C. § 1117.  (From fourth cause of action.)

In *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir.2007), the Ninth Circuit stated that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (Citations omitted.)  Because Facebook has not met this burden, the FAC must be dismissed as against Pace.

**2. Facebook has not stated a valid claim for breach of contract against Pace.**

Under California law, a cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) Facebook's performance or excuse for nonperformance; (3) Pace's breach; and (4) damages to Facebook as a result of the breach. *See, e.g.*, *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  Counts one through four of the FAC allege violations of the Lanham Act by Defendants.  As with all of Facebook's claims, Facebook makes no allegations specific to Pace with regard to the breach of contract claim, and instead relies on conclusory allegations regarding all Defendants.  (FAC ¶¶ 120–177.)  Once these conclusory allegations are discounted, there is nothing left to support a Lanham Act Claim against Pace.

More specifically, Facebook has not sufficiently alleged the existence of an agreement with Pace, the date that Pace allegedly entered into the agreement, the terms of that agreement, or any modifications thereto.  The agreement[1] attached by Facebook as Exhibit C to the FAC, entitled "Statement of Rights and Responsibilities," is dated April 26, 2011—shortly before the case was filed and therefore likely after the events at issue

---

[1] As further proof of Facebook's pleading deficiencies, it is clear from the face of the Statement that it is not an agreement between Facebook and the many foreign defendants named in the FAC.  Paragraph 18 of the Statement expressly states that it is only an agreement between Facebook, Inc. and residents of "the US or Canada."  (Ex. C.)  For other users, it constitutes an agreement with Facebook Ireland Limited, which is not a party to this case.  (*Id.*)

Case No. 4:11-cv-03619-PJH   7   **DEFENDANT PACE'S MTN TO DISMISS FAC; MPA**

were alleged to have taken place.[2] (FAC, Ex. C.) Similarly, Facebook has not identified any specific provision of the alleged agreement that was breached by Pace, the date of the breach (relevant for statute of limitations purposes), or damages attributable to Pace.

Facebook's attempt to allege the existence, breach, and resulting damages for 85 separate agreements within a single claim, using only nine (9) paragraphs, is preposterous and prejudicial to Pace. Accordingly, Facebook's contract claim must be dismissed as against Pace.

### 3. Facebook has not stated a valid claim for tortious interference with prospective economic advantage against Pace.

The prima facie elements of a claim for intentional interference with prospective economic advantage are: (1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) an intentional act by the defendant, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful act, including an intentional act by the defendant that is designed to disrupt the relationship between the plaintiff and a third party. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153–54 (2003). "[A] plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).

Once again, Facebook relies on entirely conclusory allegations to support this claim, such as "the conduct by which defendants interfered with Facebook's prospective economic advantage is independently wrongful, as described in this First Amended

---

[2] Notably, the FAC contains no allegations of when the complained-of conduct is alleged to have taken place, and Facebook has therefore not established that its claims fall within the applicable limitations periods. However, the FAC does reference pertinent dates as early as November 1, 2010 [FAC ¶ 41] and April 5, 2011 [FAC ¶ 89], which precede the date of the Statement.

Complaint." (FAC ¶ 191.) Such speculative or conclusory allegations are insufficient to state a claim for intentional interference with prospective economic advantage. *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10CV974 DMS CAB, 2011 WL 1630809 at *6 (S.D. Cal. Apr. 28, 2011). Accordingly, Facebook's claim for tortious interference with prospective economic advantage must be dismissed against Pace.

### C. Leave to amend is not warranted.

Should the Court grant dismissal, it must determine whether providing Facebook leave to amend is appropriate. "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Steckman*, *supra*, 143 F.3d at 1295 (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *see also Bentley v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 09-16111, 2011 WL 288963 (9th Cir. Jan. 31, 2011) ("We decline to accept the Bentleys' suggestion that the district court must allow them to amend, because no amendment could save their claim.").

Here, leave to amend is not warranted. In their motion to dismiss the original complaint, Cyber2Media and Negari notified Facebook of the very pleading deficiencies about which Pace now complains. [*See generally*, D.E. 32.] Facebook failed to cure these deficiencies on amendment, lending credence to the suspicion that the entire case is based on nothing more than a search of the WHOIS database of domain registrations. Facebook is attempting to conceal the lack of foundation for its claims against Pace and other defendants by referring vaguely to actions by all "Defendants." Because Facebook has already failed to address this issue, further amendment should not be permitted.

//
//
//
//
//
//

## IV. CONCLUSION

For all of the reasons set forth above, the Court should dismiss Facebook's First Amended Complaint in its entirety as against Pace with prejudice.

Respectfully submitted,

DATED: December 27, 2011            KRONENBERGER ROSENFELD, LLP


By:   s/Virginia Sanderson
       Virginia Sanderson

Attorneys for Defendant
Stanley Lorin Pace

