# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | Case No.: C-11-3619 YGR |
| Plaintiff, | **NOTICE OF TENTATIVE RULING ON MOTION TO DISMISS** |
| vs. | |
| CYBER2MEDIA, INC. *et al.*, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION TO DISMISS SET FOR HEARING ON FEBRUARY 21, 2012 AT 2:00 P.M.

The Court has reviewed the parties' papers and is inclined to grant in part and deny in part the motion to dismiss with leave to amend. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **TENTATIVELY GRANTS IN PART AND DENIES IN PART** Defendant Stanley Lorin Pace's Motion to Dismiss the First Amended Complaint, ECF No. 42.

As a preliminary matter, to survive dismissal, a plaintiff must provide sufficient details to give fair notice to the opposing party of the nature of the claim and the grounds upon which it rests. Facebook alleges a complex scheme of wrongdoing against eighty-eight unrelated defendants but does not allege specific facts against Defendant Pace, choosing to refer to him and the other eighty-seven defendants collectively as "Additional Named Defendants" and "Defendants," both defined terms in the Amended Complaint. Rule 10 requires that a party state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

There is nothing *per se* impermissible about identifying eighty-eight unrelated defendants as "Defendants" without specifying each individual defendant's role. However, that does not eliminate Facebook's obligation to clearly allege the factual basis of each of its claims against each of the Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955 (2007) (a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Applying these principles to the allegations in Facebook's Amended Complaint, the Court is inclined to rule as follows:

1.     As to Counts I through IV, alleging violations of the Lanham Act – cybersquatting and contributory cybersquatting under 15 U.S.C. § 1125(d), trademark infringement and contributory trademark infringement under 15 U.S.C. § 1114, false designation of origin and contributory false designation of origin under 15 U.S.C. § 1125(a), trademark dilution and contributory trademark dilution under 15 U.S.C. § 1125(c) – Facebook's allegations are sufficient to state claims under the Lanham Act. Exhibit A identifies the typosquatter domain names Pace registered, facebook.com and facebookbook.com. Together with the descriptions of the typosquatter schemes in which the Defendants allegedly engaged, Facebook has provided Pace with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554, 127 S.Ct. 1955. The Court is not persuaded that these claims are subject to Rule 9(b)'s heightened pleading requirement. The Motion to Dismiss is Denied as to Counts I through IV.

2.     As to Count V for breach of contract, Facebook makes conclusory allegations that fail to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a cause of action for breach of contract, Facebook must allege (1) the existence of a contract; (2) Facebook's performance or excuse for non-performance; (3) Pace's breach; and (4) damages to Facebook. *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. App. 2008). Facebook alleges that its user agreement "prohibits certain conduct, including, but not limited to, [i] misleading Facebook users, [ii] using Facebook's marks or any confusingly similar marks without Facebook's written permission, and [iii] collecting information from Facebook users without making clear that Facebook is not the one collecting the users'

United States District Court
Northern District of California

information." First Amended Complaint, ECF No. 36, ¶ 36. Facebook then alleges, in conclusory fashion, that the Defendants breached its user agreement by "[i] misleading Facebook users, [ii] using Facebook's marks or confusingly similar marks without Facebook's written permission, [iii] improperly collecting information from Facebook users, and [iv] registering, using, and otherwise trafficking in typosquatter domain names." *Id.* ¶ 185. Facebook fails to allege sufficient facts to support these alleged breaches and Facebook fails to plead factual content, as opposed to a legal conclusion, that allows the Court to draw the reasonable inference that Facebook has been harmed by any of the misconduct alleged. As to Count V, the Motion to Dismiss is Granted with Leave to Amend.

       3. As to Count VI, to state a cause of action for intentional interference with prospective economic advantage, Facebook must allege (1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) an intentional act by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful act. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (Cal. 2003). Facebook alleges that the Defendants' typosquatting schemes diverted current and potential users from Facebook's website, who otherwise would have used Facebook's services free of charge. Facebook's tortious interference claim fails to sufficiently identify an economic relationship with which Pace has interfered. Facebook does not sufficiently allege how diverting potential and current users of free services disrupts an economic relationship. Thus, these allegations do not satisfy "plaintiff's obligation to provide the 'grounds' of [its] 'entitlement to relief.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. As to Count VI, the Motion to Dismiss is Granted with Leave to Amend.

       Therefore, the Court *tentatively* Orders the following:

       Defendant Stanley Lorin Pace's motion to dismiss is granted in part and denied in part;

       1) As to Counts I through IV, alleging violations of the Lanham Act for cybersquatting and contributory cybersquatting under 15 U.S.C. § 1125(d), trademark infringement and contributory

United States District Court
Northern District of California

1  trademark infringement under 15 U.S.C. § 1114, false designation of origin and contributory false

2  designation of origin under 15 U.S.C. § 1125(a), trademark dilution and contributory trademark

3  dilution under 15 U.S.C. § 1125(c), the motion to dismiss is DENIED;

4     2)     As to Count V for breach of contract, the motion is GRANTED WITH LEAVE TO

5  AMEND;

6     3)     As to Count VI for tortious interference with prospective economic advantage, the

7  motion is GRANTED WITH LEAVE TO AMEND;

8     4)     As alleged, Counts V and VI are dismissed without prejudice to amend as to Defendant

9  Stanley Lorin Pace.  Plaintiff shall have 28-days from the date of entry of this Order to file a second

10  amended complaint.

11     No later than **2:00 p.m.** on **Monday, February 20, 2012**, the parties may JOINTLY stipulate

12  in writing to entry of this tentative ruling **by emailing a copy of the written stipulation to**

13  **ygrchambers@cand.uscourts.gov, to be filed on Tuesday, February 21, 2012**.[1]  If the parties so

14  stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order

15  of the Court.  Otherwise, the hearing will take place as scheduled.

16     IT IS SO ORDERED.

17

18  February 16, 2012

19  _____

20  YVONNE GONZALEZ ROGERS
   UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28  _____
[1] ECF will be off-line from 5:00 p.m. on Friday, February 17, 2012 until approximately noon on Monday,
February 20, 2012.