Ryan Spear, Wash. Bar No. 39974 (*pro hac vice*)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Brian Hennessy, State Bar No. 226721
BHennessy@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CYBER2MEDIA, INC., ET AL.,<br><br>　　　　　　　Defendants. | Case No. 4:11-cv-03619-YGR<br><br>**FACEBOOK, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:　　February 24, 2012 |

## RESPONSE TO ORDER TO SHOW CAUSE

The Court's Order to Show Cause, Dkt. 59, asks Facebook, Inc. ("Facebook") to explain "why the Defendants who have not been served should not be dismissed for failure to serve within 120 days of filing the complaint," and to provide other information about Facebook's service efforts. Facebook respectfully submits this Response to the Court's Order. The charts requested by the Court are attached as Exhibit A.

### I. INTRODUCTION AND OVERVIEW

Facebook filed this lawsuit against defendants who, among other things, registered and used domain names that are confusingly similar to Facebook's trademark, **FACEBOOK**; profited from websites that infringed Facebook's rights and deceived consumers; breached agreements with Facebook; and interfered with Facebook's business. *See generally* First Amended Complaint ("FAC"), Dkt. 36.

Facebook filed its original Complaint on July 22, 2011. *See* Dkt. 1. The original Complaint named a total of 25 defendants, including 10 defendants with domestic addresses and 15 defendants with foreign addresses. On December 12, 2011, after conducting further investigation, Facebook filed its FAC. *See* Dkt. 36. The FAC names a total of 47 defendants, including 15 domestic defendants and 32 foreign defendants.

The number of named defendants currently stands at 26. *See* Ex. A, tbls. 1, 2. Facebook has served or obtained waivers of service from 12 of the named defendants. *See id.*, tbl. 1. Facebook has not sought entry of default against any of the served defendants—including those who have not yet entered notices of appearance—because (1) their time to respond has not yet run, and/or (2) Facebook is actively negotiating with them. *See* Ex. A, tbl 1. The one served defendant with whom Facebook is not yet negotiating, Sam Dennis, was served on February 9, 2012 and has not initiated settlement discussions. *See id*.

Facebook has yet to serve a total of 14 named defendants, most of whom are located abroad. *See id.*, tbl. 2. This same day, Facebook filed a motion seeking permission to serve by email all of the named defendants who have not yet been served.

In addition to the named defendants, the FAC identifies 45 "Doe Defendants." *See* Ex. A, tbl. 3. The Doe Defendants are unidentified individuals who used domain names to infringe Facebook's rights and deceive consumers.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) imposes certain time limits on service. Specifically, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

## III.    NAMED DEFENDANTS

### A.     Foreign Defendants

Ten of the 14 named defendants who have not been served are located abroad. *See* Ex. A., tbl. 2.[1] The Court should not dismiss those defendants for at least two reasons.

First, Facebook was not required to serve those defendants within 120 days. As the Ninth Circuit has explained, Rule 4(m)'s 120-day limit does not apply to service in a foreign country. *See Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of [Rule 4(m)] makes the 120-day service provision inapplicable to service in a foreign country."); *see also Rudolph v. UT Starcom, Inc.*, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009) ("Rule 4(m) does not apply to service on foreign defendants.").

Second, Facebook has been diligent and persistent in its efforts to locate, contact, and serve those 10 foreign defendants. *See* Ex. A, tbl. 2. As a result of those efforts, Facebook has determined that service via email is the method most likely to give those defendants actual notice of the case (if they do not already have it). Facebook has therefore sought permission to serve

---

[1] The 10 foreign defendants who have not been served are Cleanser Products, Counter Balance Enterprises Ltd., Intercontinental Domain, Inc., Karrie-Lee Karreman, Mackrooner Ltd., Newgate Services/SMTM Enterprises, PPX.com, Elise Petri, Pioneer Enterprises Ltd., and YourTick.

those defendants via email. Thus, rather than dismiss those foreign defendants, the Court should grant Facebook's motion to serve them via email.

**B.     Domestic Defendants**

Four of the 14 named defendants who have not been served are located in the United States. *See* Ex. A, tbl. 2.[2] Those defendants should not be dismissed either.

Rule 4(m) applies to the four domestic defendants who have not been served. But Rule 4(m)'s 120-day limit runs from the time a defendant is first named. *See, e.g.*, *Rudolph*, 2009 WL 248370 at *2 ("The 120–day time limit imposed by Rule 4(m) expires 120 days after the first complaint in which the defendant is named.") (emphasis omitted) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)). The four domestic defendants who have not yet been served were first named in Facebook's FAC, which was filed on December 12, 2011. *See* Dkt. 36. Thus, under Rule 4(m), Facebook has until April 10, 2012 to serve those defendants.

Notably, the four defendants who have not yet been served are also included in Facebook's motion for email service. As explained in that motion, service via email is just as appropriate for them as it is for the unserved foreign defendants.

## IV.     DOE DEFENDANTS

The FAC also identifies 45 Doe Defendants. Despite ongoing efforts, Facebook has not yet identified the remaining Doe Defendants. The Doe Defendants have successfully prevented Facebook from learning their identities by, among other things, registering their domain names with foreign registrars known as safe havens from United States courts and using "privacy-protection services." *See Balsam v. Tucows*, 627 F.3d 1158, 1160 & n.1 (9th Cir. 2010) (explaining how privacy-protection services are used to hide the identities of domain name owners). Nevertheless, Facebook is optimistic that further investigation and discovery will enable it to identify some or all of the remaining Doe Defendants. Indeed, Facebook has already reduced the number of Doe Defendants from 119 (in the original Complaint) to 45.

---

[2] The four domestic defendants who have not been served are Reggie Bush, Gilend API, Stormwest Corp., and Tomato, Inc.

There is no reason to dismiss the Doe Defendants at this time. Because their identities remain a mystery, it is entirely possible that all of the remaining Doe Defendants reside abroad—in which case Rule 4(m) would not apply. Moreover, the Doe Defendants are not true defendants, and leaving them in the case will have no detrimental effect. Once Facebook identifies the remaining Doe Defendants, it will swiftly serve them or request leave to serve them via email. If Facebook cannot identify the remaining Doe Defendants, it will proceed with its claims against the named defendants.

Dated: February 17, 2012          **PERKINS COIE LLP**

By: /s/ Ryan Spear
    Ryan Spear, WSBA No. 39974
    (*pro hac vice*)
    RSpear@perkinscoie.com

Attorneys for Facebook, Inc.

*Exhibit A*

**FACEBOOK, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

### Table 1: Named Defendants—Served

|  | Defendant | Location | Response Due Per Fed. R. Civ. P. 12 or Waiver | Status | Why no Default? |
|---|---|---|---|---|---|
| 1. | Banana Ads LLC | U.S. | January 27, 2012 | Negotiating | Negotiating |
| 2. | Paul Baker | U.K. | March 22, 2012 | Negotiating | Time to respond not expired |
| 3. | Sam Dennis | Canada | March 1, 2012 | Served February 9, 2012 | Time to respond not expired |
| 4. | FB Promotions/Freebie Promos | U.S. | September 5, 2011 | Negotiating | Negotiating |
| 5. | Gregory Henshaw | U.K. | April 16, 2012 | Negotiating | Time to respond not expired |
| 6. | Eric Jordan | U.S. | September 5, 2011 | Negotiating | Negotiating |
| 7. | Louis Krasenics | U.S. | January 28, 2012 | Negotiating | Negotiating |
| 8. | Michael Navarini | U.S. | January 27, 2012 | Negotiating | Negotiating |
| 9. | Stanley Lorin Pace | U.S. |  | Motion to dismiss granted in part and denied in part |  |
| 10. | Rabbit GoGo Media LLC | U.S. | September 5, 2011 | Negotiating | Negotiating |
| 11. | John Souza | U.S. |  | Stayed pending bankruptcy proceeding in Georgia |  |
| 12. | Michael Suggs | U.S. | September 5, 2011 | Negotiating | Negotiating |

## Table 2: Named Defendants—Unserved

|    | **Defendant** | **Location** | **Attempts to Contact and Serve** | **Result** | **Plans to Serve** |
|----|---|---|---|---|---|
| 1. | Reggie Bush | U.S. | Personal service; postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 2. | Cleanser Products | Panama | Postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 3. | Counter Balance Enterprises Ltd. | Thailand | Postal mail; email; telephone; waiver of formal service requested | Invalid address/email response – declined to accept or waive service | Via email |
| 4. | Gilend API | U.S. | Personal service; postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 5. | Intercontinental Domain, Inc. | Anguilla | Postal mail; email; waiver of formal service requested | Invalid address/postal response – declined to accept or waive service | Via email |
| 6. | Karrie-Lee Karreman | Canada | Personal service; postal mail; email; telephone; contacted counsel; waiver of formal service requested | Invalid address/no response/counsel declined to accept service | Via email |
| 7. | Mackrooner Ltd. | Panama | Postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 8. | Newgate Services Ltd./ SMTM Enterprises Ltd. | Panama | Postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 9. | Elise Petri | Canada | Personal service; postal mail; email; telephone; contacted counsel; waiver of formal service requested | Invalid address/no response/counsel declined to accept service | Via email |
| 10. | Pioneer Enterprises Ltd. | Antigua | Postal mail; email; telephone; waiver of formal service requested | Invalid address/email response – declined to accept or waive service | Via email |
| 11. | PPX.com | Canada | Personal service; postal mail; email; waiver of formal service requested | No response | Via email |
| 12. | Stormwest Corp. | U.S. | Personal service; postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 13. | Tomato, Inc. | U.S. | Personal service; postal mail; email; telephone; waiver of formal service requested | Invalid address/no response | Via email |
| 14. | YourTick | Hong Kong | Postal mail; email; telephone; waiver of formal service requested | Invalid address/email response – declined to accept or waive service | Via email |

**Table 3: Doe Defendants**

| Defendant | Location | Served? | Status |
|---|---|---|---|
| Doe Defendants 1-45 | Unknown | No | Attempting to discover identities |