# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

    Plaintiff,

vs.

BANANA ADS, LLC *et al.*,

    Defendants.

Case No.: C-11-3619 YGR

**ORDER GRANTING MOTION OF FACEBOOK TO SERVE CERTAIN DEFENDANTS BY ALTERNATIVE MEANS**

    Plaintiff Facebook, Inc. ("Facebook") filed this Trademark Infringement action against 47 named and 45 "Doe" Defendants on July 22, 2011. Facebook's Amended Complaint, filed on December 12, 2011, alleges six claims: (1) cybersquatting and contributory cybersquatting; (2) trademark infringement and contributory trademark infringement; (3) false designation of origin and contributory false designation of origin; (4) trademark dilution and contributory trademark dilution; (5) breach of contract; and (6) tortious interference with prospective economic advantage. According to Facebook, despite its best efforts, it has been unable to serve 14 of the named defendants.

    Facebook has filed a Motion to Serve Certain Defendants by Alternative Means, specifically email, on the grounds that service by email will provide actual notice of this case and that service by email is not prohibited by international agreement.

    Having carefully considered the papers submitted and the record in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Serve by Alternative Means.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on March 27, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for March 27, 2012.

## I. BACKGROUND

This is an action to enjoin the Defendants' alleged typosquatter schemes. Facebook alleges that the Defendants register internet domain names that are confusingly similar to facebook.com, *e.g.*, facebock.com, so that potential users of Facebook's website who enter a typo are diverted to the typosquatter's website, which is designed to look strikingly similar in appearance to Facebook's website, including using Facebook's distinctive trademark, to trick users into thinking they are using Facebook's website. When the Defendants registered these domain names, they were required to provide accurate contact information and to update that information. Facebook has provided evidence that the physical addresses associated with the Defendants' domain names are invalid because the domain owners either provided false registration information or failed to update the information.[2]

Facebook's Amended Complaint lists 47 named defendants – 15 domestic and 32 foreign – and 45 "Doe" Defendants. Facebook has dismissed 19 of the Foreign Defendants and 2 of the Domestic Defendants. This leaves 26 named defendants, 14 of whom Facebook has been unable to serve – 10 Foreign Defendants, 4 Domestic Defendants. Facebook has attempted to contact these Defendants by postal mail, email, and telephone.[3] Facebook seeks permission to use email to effect service on the 10 Foreign Defendants under Federal Rule of Civil Procedure 4(f)(3) and the 4 Domestic Defendants under Federal Rule of Civil Procedure 4(e)(1).

## II. DISCUSSION

### A. SERVICE BY EMAIL ON FOREIGN DEFENDANTS

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) permits service on individuals in a foreign country as follows: "Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: . . . (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). It is left "to the sound discretion of the district court the task of determining when the

---

[2] This evidence included the Declaration of counsel, Ryan Spear, thoroughly describing the extensive efforts to locate, contact, and serve the Defendants, and 438 pages of exhibits documenting those efforts.

[3] Facebook even attempted to serve two of the Defendants, Karrie-Lee Karreman and Elise Petri, through counsel representing them in unrelated lawsuits in Minnesota but counsel refused to accept service on their behalf.

particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The Ninth Circuit has approved service on foreign defendants by email pursuant to Rule 4(f)(3) where the defendants were either unreachable by other means or had no known physical address. *Id.* at 1017. To satisfy constitutional norms of due process, the alternative method of service must be "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections." *Id.* at 1016. Thus, to establish that service by email is appropriate, a plaintiff must show: (1) that service by email is "reasonably calculated to provide actual notice" to the defendant; and (2) international agreement does not prohibit such service. *Id*. at 1014, 1016.

### 1. *Service by Email Is "Reasonably Calculated to Provide Actual Notice" to the Foreign Defendants.*

Here, service by email is reasonably calculated to provide actual notice. First, the Foreign Defendants are involved in commercial internet activities. They registered internet domain names, which Facebook alleges the Defendants have used for commercial purposes. Indeed, the alleged typosquatting schemes depend on these commercial internet activities. Second, the Foreign Defendants rely on electronic communications to operate their businesses and Facebook has valid email addresses for each of the Defendants. Finally, Facebook has demonstrated that it has made attempts to serve the Defendants at physical addresses that proved unsuitable for service. Based on the foregoing, service by email appears to be not only reasonably calculated to provide actual notice to the Foreign Defendants but the method most likely to apprise the Foreign Defendants of the action.

### 2. *International Agreement Does Not Prohibit Email Service*

Facebook also has demonstrated that service via email is not prohibited by an international agreement. The Foreign Defendants registered domain names to physical addresses in Anguilla (Intercontinental Domain, Inc.), Antigua (Pioneer Enterprises, Ltd.), Canada (Karrie-Lee Karreman, PPX.com, and Elise Petri), Hong Kong (YourTick), Panama (Cleanser Products, Mackrooner Ltd. Inc., and Newgate Services/SMTM Enterprises Ltd.), and Thailand (Counter

Balance Enterprises Ltd.). Anguilla,[4] Antigua, Hong Kong,[5] and Canada are signatories to or bound by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. 20 U.S.T. 361, T.I.A.S. No. 6638 (1969) ("Hague Service Convention"). *See* Hague Conf. on Private Int'l Law, Status Table 14, *http://www.hcch.net/index_en.php?act=conventions.status&cid=17*, last visited Mar. 22, 2012. Facebook cites cases from this District finding that the Hague Service Convention does not expressly prohibit email service.[6] *See Gucci America, Inc. et al v. Huoqing*, Case No. 09-05969 JCS, Dkt. No. 17 (N.D. Cal. Mar. 11, 2010) (China); *craigslist, Inc. v. Eddie Temple et al.*, Case No. 09-04738 JW, Dkt. No. 21 (N.D. Cal. May 20, 2010) (Canada); *Williams-Sonoma Inc. v. Friendfinder Inc.*, Case No. 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (Canada). As to the other Foreign Defendants, Facebook cites to cases in this District finding that service by email is not prohibited by international agreement in Panama or Thailand. *craigslist, Inc. v. Troopal Strategies, Inc.*, Case No. 09-04741 JW, Dkt. No. 37 (N.D. Cal. Nov. 24, 2010) (Panama); *craigslist, Inc. v. Meyer*, Case No. 09-4739 SI, Dkt. No. 29 (N.D. Cal. Jul. 26, 2010) (Thailand). Based on the foregoing, the Court concludes that Facebook has demonstrated that service on the Foreign Defendants via email is not prohibited by international agreement.

Therefore, Court **GRANTS** Facebook's Motion to serve the Foreign Defendants via email.

### B. SERVICE BY EMAIL ON DOMESTIC DEFENDANTS

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). As this Court is located in California, it may authorize service of process in conformity with California law. Section 413.30 of the California Code of Civil Procedure

---

[4] Anguilla is an overseas territory of the United Kingdom, which is a signatory to the Hague Service Convention. *See* U.S. Dep't of State, Anguilla Country Specific Information, *http://travel.state.gov/travel/cis_pa_tw/cis/cis_1107.html#country*, last visited Mar. 22, 2012.

[5] Hong Kong is a special administrative region of the People's Republic of China, which has advised the United States that the Hague Service Convention is in effect in Hong Kong. *See* U.S. Dep't of State, Hong Kong Judicial Assistance, *http://travel.state.gov/law/judicial/judicial_650.html*, last visited Mar. 22, 2012.

[6] Facebook notes that even if the defendants are residing in a nation in which the Hague Service Convention is in effect, the result would be the same because Article 1 of the Hague Service Convention states that the Convention does not apply when the address of the person to be served is unknown.

4

provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Code § 413.30.

For the same reasons discussed above, service by email is "reasonably calculated to give actual notice" to the Domestic Defendants. The Domestic Defendants, like the Foreign Defendants, are all engaged in internet-based commercial activities and rely on email as a means of communication. Facebook's attempts to locate and contact the Domestic Defendants by postal mail and telephone have failed. Thus, under these circumstances, service by email would be the best method for providing actual notice to these Defendants.

Therefore, Court **GRANTS** Facebook's Motion to serve the Domestic Defendants via email.

## III.  CONCLUSION

For the foregoing reasons, the Motion to Serve Certain Defendants by Alternative Means is **GRANTED**.

Plaintiff Facebook, Inc. may serve this Order, the Summons, and the Amended Complaint on the following Defendants by sending email messages, return receipt requested, to the following email addresses:

| Defendant | Email address(es) |
|---|---|
| Cleanser Products | cleanserproducts@gmail.com<br>posinc@hushmail.com |
| Counter Balance Enterprises Ltd. | counterbalanceltd@gmail.com<br>counter14@ymail.com |
| Intercontinental Domain, Inc. | domainadmin@icdomainsinc.com |
| Karrie-Lee Karreman | directsurveysol@yahoo.ca |
| Mackrooner Ltd. | mackroonerltd@gmail.com |
| Newgate Services/SMTM Enterprises | mbjvmanagement@gmail.com |
| PPX.com | sales@ppx.com<br>sales@impulseleads.com |

| Defendant | Email address(es) |
|---|---|
| Elise Petri | support@consumersrewardsolutions.com<br>elisepetri@yahoo.com |
| Pioneer Enterprises Ltd. | pioneerenterprisesltd@gmail.com<br>pioneer3@gmx.com |
| Your Tick | domaincontroller@yourtick.com<br>kwo_kwing@hotmail.com<br>kwokwing@hotmail.com.tv |
| Reggie Bush | yoshineman@gmail.com |
| Gilend API | support@xstreamhost.com |
| Stormwest Corp. | britt@stormwest.com |
| Tomato, Inc. | tom_mou@hotmail.com |

Any return of service on the above-listed Defendants that Facebook files must include proof that Facebook has attempted, at a minimum, to verify actual receipt of the email message.

Facebook shall provide courtesy copies of this Order, the Summons, and the Amended Complaint to the attorney(s) who previously declined to accept service on behalf of Karrie-Lee Karreman and Elise Petri.

This Order Terminates Docket Number 67.

**IT IS SO ORDERED.**

March 27, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**