# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FACEBOOK, INC.,**<br>    **Plaintiff,**<br>vs.<br>**BANANA ADS, LLC** *et al.*,<br>    **Defendants.** | Case No.: 11-CV-03619 YGR<br><br>**DEFAULT JUDGMENT AGAINST REGGIE BUSH** |

**DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Facebook, Inc. ("Facebook") and against Defendant Reggie Bush as follows:

Pursuant to 15 U.S.C. § 1117(d), Defendant Reggie Bush shall pay total statutory damages in the amount of **$20,000**.

Pursuant to 15 U.S.C. § 1125(d)(1)(C), within 21 days of Facebook sending by email and overnight mail a copy of this Judgment to Defendant Reggie Bush, Defendant shall transfer to Facebook all rights to the infringing domain names: <facebolk.com>, <facebopk.com>, and <faceboik.com>. In the event that the infringing domain names are not transferred to Facebook within the above time period, the current domain name registrar(s) for the infringing domain names shall transfer the infringing domain names to Facebook within 21 days of Facebook sending by email and overnight mail a copy of this Judgment to the current domain name registrar(s).

Defendant Reggie Bush and his agents, servants, employees, attorneys, affiliates, distributors, successors, assigns, and any other persons acting in concert or in participation with Defendant Reggie Bush are now and forever **ENJOINED** from:

1.      Registering, using, trafficking in, or benefiting from Internet domain names that incorporate the FACEBOOK mark or incorporate words, numbers, or symbols that, collectively or in isolation, are confusingly similar to the FACEBOOK mark; and

2. Knowingly providing services to any person or entity who registers, uses, traffics in, or benefits from Internet domain names that incorporate the FACEBOOK mark or incorporate words, numbers, or symbols that, collectively or in isolation, are confusingly similar to the FACEBOOK mark; and

3. Using the FACEBOOK mark or any confusingly similar marks in advertisements or otherwise in commerce in any manner likely to confuse consumers as to the association, affiliation, endorsement, or sponsorship of Facebook; and

4. Engaging in any infringing acts involving the FACEBOOK mark or other Facebook marks; and

5. Engaging in any unlawful, misleading, deceptive, or malicious activities directed at or relating to Facebook's website, Facebook's services, Facebook users, or potential Facebook users; and

6. Inducing, encouraging, causing, materially contributing to, or aiding and abetting any other person or entity to do the acts described in (1) to (5), above.

**IT IS SO ORDERED.**

**Date: June 28, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**