**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FACEBOOK, INC.,**       Plaintiff,<br><br>vs.<br><br>**BANANA ADS, LLC,** *et al.*,       Defendant(s). | Case No.: 11-CV-03619 YGR<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT IN PART; REFERENCE TO MAGISTRATE JUDGE; ORDER STRIKING DOCUMENTS** |

**WHEREAS,** on December 12, 2011, Plaintiff Facebook, Inc., filed its operative, First Amended Complaint against Defendants Michael Navarini and Banana Ads LLC, among others (Dkt. No. 36);

**WHEREAS,** the First Amended Complaint identifies Banana Ads as a California corporation and Navarini as the "President or chief executive officer of Banana Ads" (*Id.* ¶¶ 13-14);

**WHEREAS,** on September 17, 2012, the Clerk entered the default of Navarini and Banana Ads, among others (Dkt. No. 135);

**WHEREAS,** on October 29, 2012, Plaintiff moved for default judgment against Navarini and Banana Ads, among others (Dkt. No. 146.);

**WHEREAS,** neither Banana Ads nor Navarini filed a response to that motion;

**WHEREAS,** Navarini appeared pro se at a motion hearing before Magistrate Judge Westmore (s*ee* Dkt. No. 164); [1]

---

[1] Banana Ads, as a corporate entity, cannot proceed pro se. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); Civ. L.R. 3-9(b). Nor may Navarini represent Banana Ads himself. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010) ("[W]hile pro se litigants can represent themselves, they cannot represent corporations, companies or other artificial entities.").

**WHEREAS**, on April 19, 2013, the Court partially withdrew a reference for report and recommendation on Plaintiff's pending motion for default judgment, to allow Navarini and Banana Ads an opportunity to file motions to set aside the clerk's entry of default before May 31, 2013 (Dkt. No. 185);

**WHEREAS,** neither Navarini nor Banana Ads filed such a motion;

**WHEREAS,** Navarini and Banana Ads remain in default;

**WHEREAS,** on June 28, 2013, the Court ordered Navarini and Banana Ads to show cause why default judgment should not be entered against them (Dkt. No. 192);

**WHEREAS,** Navarini and Banana Ads had until July 14, 2013, to file a written response to the Order to Show Cause, but filed no response;

**WHEREAS,** on July 15, 2013, Plaintiff filed a "supplemental memorandum" and supporting declaration setting forth Plaintiff's theory of how damages against Navarini and Banana Ads should be calculated under the Anticybersuatting Consumer Protection Act (Dkt. Nos. 203, 204);

**WHEREAS,** the Show Cause hearing was held as scheduled on July 19, 2013;

**WHEREAS,** Navarini and counsel for Plaintiff appeared;

**WHEREAS,** Banana Ads did not appear;

**WHEREAS,** Navarini offered no basis for default judgment not to be entered against him;

**WHEREAS,** Plaintiff's counsel identified no legal basis authorizing the filing of the supplemental memorandum or declaration but characterized the papers as being in the nature of a reply in support of their pending, unopposed motion for default judgment:

Accordingly, and for good cause appearing, the Court hereby **ORDERS**:

- Plaintiff's motion for default judgment against Defendants Michael Navarini and Banana Ads LLC is **GRANTED IN PART**. The Court will enter final judgment against Navarini and Banana Ads after determining the amount and type of relief that Plaintiff is entitled to receive from Navarini and Banana Ads.

- Pursuant to Local Rule 72-1, this matter is **REFERRED** to Magistrate Judge Westmore for a report and recommendation on Plaintiff's pending motion for default judgment against

Navarini and Banana Ads. (Dkt. No. 146.) The report and recommendation shall be limited to analyzing the amount and type of relief that Plaintiff is entitled to receive from Navarini and Banana Ads.

- Plaintiff's supplemental memorandum and supporting declaration (Dkt. Nos. 203 & 204) are hereby **STRICKEN**. This Court's Civil Local Rules do not contemplate the filing of a reply brief in the absence of an opposition brief. Plaintiff shall comply with all Local Rules with respect to the filing of any supplemental briefing.

The Clerk shall strike Dkt. Nos. 203 and 204 from the record.

**IT IS SO ORDERED**.

**Dated:** July 22 , 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**